**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DIANE BURKE, ALEX PROESTAKIS, MIGUEL A. IBARRA and MOHAMMAD FAROOQ MUSTAFA, as participants in and on behalf of the Boeing Voluntary Investment Plan, and on behalf of a class of all others who are similarly situated, | |
| *Plaintiffs*, | Case No. 1:19-cv-02203 |
| v. | |
| THE BOEING COMPANY, DAVID A. DOHNALEK, ROBERT E. VERBECK, THE BOEING EMPLOYEE BENEFIT PLANS COMMITTEE, THE BOEING EMPLOYEE BENEFIT INVESTMENT COMMITTEE, AND JOHN DOES 1-25, | Hon. Virginia M. Kendall |
| *Defendants*.[1] | |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

The above-captioned Defendants respectfully move this Court to dismiss the claims asserted in Plaintiffs' Second Amended Complaint (Dkt. 65) under Federal Rule of Civil Procedure 12(b)(6). In support, Defendants rely upon the accompanying Memorandum of Law and attached exhibits, and state as follows:

1. This is an employer "stock-drop" case brought under the Employee Retirement Income Securities Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Plaintiffs allege that Defendants acted as fiduciaries of The Boeing Company Voluntary Investment Plan ("Plan"), the

---

[1] Plaintiffs' caption misidentifies The Boeing Company Voluntary Investment Plan, The Boeing Company Employee Benefits Plans Committee, and The Boeing Company Employee Benefit Investment Committee.

401(k) retirement plan Boeing sponsors for its employees, and breached ERISA's duties of prudence and loyalty by allowing Plan participants to voluntarily invest in Boeing stock for roughly 13 months (between November 7, 2018 and December 16, 2019) when they claim its price was "artificially inflated." Dkt. 65, Second Am. Compl. ("SAC") ¶¶ 250, 265-67. Plaintiffs allege the Plan committees and individual defendants "knew or should have known" adverse inside information about Boeing's 737 MAX airplanes, and that ERISA obligated them to issue a "corrective disclosure" by "no later than November 7, 2018" to prevent Plan participants from "continu[ing] to acquire and hold Boeing stock at an inflated price." *Id.* ¶¶ 12, 17-18, 220, 266.

2.      Plaintiffs have not, and cannot, state a claim upon which relief can be granted. Only one court has ever allowed Plaintiffs' ERISA "corrective disclosure" theory to survive a motion to dismiss, and the Supreme Court vacated that ruling. *See Ret. Plans Comm. of IBM v. Jander*, 140 S. Ct. 592 (2020) (per curiam). The Securities and Exchange Commission, Department of Labor, and Department of Justice all reject Plaintiffs' theory. And every other court to consider ERISA claims like those asserted here—before and after the Supreme Court's *Jander* ruling—has dismissed them under the pleading standards established in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014). This Court should do the same for at least three independent reasons.

3.      **First**, the Defendants did not have fiduciary responsibility for the Boeing Stock Fund ("Stock Fund"), and thus cannot be liable for breach of any fiduciary duty. *See Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Rather, The Boeing Company Employee Benefit Investment Committee (the "EBIC") appointed an independent fiduciary, Newport Trust Company, to manage the Stock Fund well before the relevant time period—and there are no allegations that Newport had any inside information.

4.      **Second**, even assuming Defendants had responsibility over the Stock Fund and had some specific inside information about the 737 MAX, the SAC falls far short of the stringent pleading requirements the Supreme Court has established for ERISA stock-drop claims. *See*

2

*Jander*, 140 S. Ct. at 594; *Amgen, Inc. v. Harris*, 136 S. Ct. 758 (2016) (per curiam); *Dudenhoeffer*, 573 U.S. at 428. As the SEC recognizes, creating an *ERISA-based* duty to disclose the kind of information on which Plaintiffs' claims rely could yield "significant market-distortive effects," thus undermining the "objectives" of the securities laws. Br. of U.S. as Amicus Curiae, at 11, 20-21, *Jander*, No. 18-1165 (S. Ct. Aug. 13, 2019) (quotations omitted) (attached as Ex. A to Defs.' Memorandum of Law); *see also Dudenhoeffer*, 573 U.S. at 428-29. Plaintiffs also allege no facts plausibly suggesting that "a prudent fiduciary in [Defendants'] position *could not have concluded* that . . . publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." *Dudenhoeffer*, 573 U.S. at 429-30 (emphasis added); *see also Amgen*, 136 S. Ct. at 760. To the contrary, just as in the dozens of cases dismissing ERISA stock-drop lawsuits like this one, a prudent fiduciary easily could have decided that disclosure *would* harm Plan participants by causing an immediate decline in the value of their investments in the Stock Fund.

5.        **Third**, Plaintiffs' new claim in Count II that Defendants failed "to monitor the Plan's investment in Boeing company stock" is a reprise of Count I and fails for the same reasons. SAC ¶¶ 273-85. Numerous courts have rejected similar attempts to sidestep *Dudenhoeffer*'s pleading standards. Regardless, "monitor[ing]" the Stock Fund is precisely what Defendants engaged an independent fiduciary to do (as Plaintiffs concede, *id.* ¶ 236), and nowhere do Plaintiffs claim Newport breached any duty whatsoever.

        WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, Defendants respectfully request that the Court grant their Motion and dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice.

Dated:  July 28, 2020

Respectfully submitted,

By:   *Deborah S. Davidson*

Michael E. Kenneally, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
Telephone:  202.739.5893
michael.kenneally@morganlewis.com

Deborah S. Davidson
Christopher Boran
Matthew A. Russell
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601-5094
Telephone:  312.324.1000
deborah.davidson@morganlewis.com
christopher.boran@morganlewis.com
matthew.russell@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2020, I electronically filed the forgoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

DATED this 28th day of July, 2020

By */s/ Deborah S. Davidson*

Deborah S. Davidson